UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| GARY D. THOMPSON | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-117 |
| | ) | *Chief Judge Curtis L. Collier* |
| HAMILTON COUNTY GOVERNMENT and | ) | |
| JUDGE BARRY STEELEMAN, | ) | |
| | ) | |
|     *Defendants.* | ) | |

## **MEMORANDUM**

Gary D. Thompson ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Though Plaintiff's complaint is virtually undecipherable and incomprehensible, the Court discerns he claims Hamilton County Criminal Court Judge Barry Steelman violated his constitutional right to have effective assistance of counsel when he presumably granted his request to have his court appointed counsel relieved from representing him, but subsequently denied his request for new counsel and forced him to try his case. In addition, Plaintiff claims Judge Steelman ordered an electrical shocking device be attached to his leg during trial which had the capacity of delivering 50,000 volts of electricity. Also, Plaintiff apparently is complaining about Judge Steelman signing an order directing Hamilton County Jail personnel to obtain his shoes out of his inmate property and produce them in court.

Considering the facts alleged in the complaint and the applicable law, for the reasons explained herein, the Court will **DISMISS** the complaint for failure to state a claim upon which relief may be granted (Court File No. 1). In addition, because the complaint will be dismissed**,**

Plaintiff's motion for appointment of counsel will be **DENIED** (Court File No. 11).

**I.      APPLICATION TO PROCEED** *IN FORMA PAUPERIS*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner in custody at Hardeman County Correctional Facility, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to

the Warden and Custodian of Inmate Accounts at Hardeman County Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

## II. STANDARD OF REVIEW

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedure and meet the requirements of substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *LRL Properties v.*

*Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

This Court has an ongoing responsibility under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 (e)(2) and 1915(A), to review Plaintiff's action and dismiss the action or any portion of the action which fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## III. FACTS

Plaintiff's complaint is virtually indecipherable and uncomprehensible. Nevertheless, to the best of its ability, the Court construes Plaintiff's complaint in the light most favorable to him and taking into consideration his lack of legal training, the Court has determined he alleges the following

4

facts.

Plaintiff was appointed counsel to represent him in a state criminal action. Plaintiff requested that counsel be relieved of his duties and Judge Barry Steelman granted Plaintiff's request. In his unsworn complaint, Plaintiff claims Judge Steelman refused to appoint any other counsel and forced him to represent himself. However, Plaintiff filed a court order signed by Judge Steelman stating the following:

> The defendant upon his insistence and after due inquiry of him by the Court and after admonitions and instructions of the Court was allowed to proceed pro se and act as his own trial counsel. Attorney John McDougal complied with the Court's order and served as elbow counsel for the defendant at trial where he assisted the defendant to a substantial extent as reflected in the record.
>
> The Court finds however that the defendant is not capable of adequately representing himself for purposes of appeal because the defendant may, due to his ignorance of appellate procedure, unduly and unintentionally prejudice his right to appeal.
>
> Therefore, the Court hereby appoints Attorney Donna Miller to represent the defendant for purposes of his Motion for New Trial and throughout his appeal. A copy of this order shall be forwarded to the defendant at his place of incarceration.

(Court File No. 9-1).

Plaintiff also complains Judge Steelman violated his ability to effectively prepare for trial when he had a electrical shocking device attached to his leg during trial as it caused him to have anxiety, stutter, and suffer pain. Finally, Plaintiff alleges Judge Steelman illegally ordered the seizure of his shoes from the inmate property room.

## IV. 42 U.S.C. § 1983 CLAIM

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149,

155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while acting under color of law. *See Brock*, 94 F.3d at 244.

## V. IDENTITY OF DEFENDANTS

### A. *Hamilton County Government*

Plaintiff identified Hamilton County as a defendant in the style of his complaint but failed to make any claims against Hamilton County. To state a claim against Hamilton County Plaintiff must claim the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989). Plaintiff has not alleged, nor can it be liberally construed from the complaint, any such county policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the violations alleged in the complaint. Accordingly, Hamilton County will be **DISMISSED** from the complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(2).

### B. *Judge Steelman*

6

Plaintiff has also identified Judge Steelman as a defendant but has failed to identify in what capacity he has sued him. The complaint does not indicate whether Judge Steelman is being sued in his official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.) (Court treated complaint as suing judge in official capacity due to complaint's lack of indication of capacity), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Therefore, Plaintiff, who is suing the state judge in his official capacity, is suing the State of Tennessee, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), because suing a state official in his official capacity for acts performed within the scope of his authority is equivalent to suing the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Section 1983 only applies to "persons." States are not persons. *See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their

7

official capacities are 'persons' under § 1983"). Accordingly, Plaintiff cannot have a claim premised on § 1983 against a state. Therefore, his claim based upon this law must be dismissed.

Moreover, pursuant to the Supreme Court's decision in *Hans v. Louisiana*, 134 U.S. 1 (1890) expanding the application of the Eleventh Amendment to also preclude suits against a state brought by in-state citizens, this suit against this state judge in his official capacity must be dismissed. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Under current law, the Amendment bars federal court jurisdiction whenever any private citizen attempts to sue a state unless Congress expressly abrogates immunity or the state waives immunity; neither of which, as explained below, have occurred in the instant case. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Lawson v. Shelby County, Tenn.*, 211 F.3d 331 (6th Cir. 2000).

District Courts do not have jurisdiction over suits brought directly against a state by its own citizens unless the state itself consents to be sued. *Welch v. Texas Dept. of Highways & Public Transportation*, 483 U.S. 468, 472 (1987); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984); *Thiokel Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). A state can waive its Eleventh Amendment sovereign immunity and consent to suit in federal court. *Will V. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 336-37 (6th Cir. 1990). However, the state's waiver and consent must be unequivocally expressed. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst*, 465 U.S. at 99; *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Abick v. State of Michigan*, 803 F.2d 874, 876-77 (6th

Cir. 1986). The State of Tennessee has not waived its sovereign immunity under the Eleventh Amendment with respect to 42 U.S.C. § 1983. *Giorgio v. State of Tenn., Dept. of Human Services of Nashville and Jefferson County*, 92 F.3d 1185 (6th Cir. Aug. 7, 1996), *available at* 1996 WL 447656, *1; *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986).

A state may also be sued in federal court where Congress exercises its power under the Fourteenth Amendment to override or abrogate Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1414 n.5 (6th Cir. 1996), *cert. denied*, 519 U.S. 1149 (1997). In *Quern v. Jordan*, 440 U.S. 332, 338 (1979), the Supreme Court held in enacting 42 U.S.C. § 1983, Congress did not abrogate the right of the states to sovereign immunity under the Eleventh Amendment. *See also Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), *cert. denied*, 510 U.S. 1119 (1994); *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Thus, the Eleventh Amendment prohibits federal courts from taking jurisdiction over actions filed by private citizens against a state pursuant to 42 U.S.C. § 1983. This jurisdictional bar applies regardless of the nature of the relief sought by the plaintiff. The Eleventh Amendment expressly applies to suits in equity as well as at law and necessarily encompasses all demands for relief against the states including declaratory judgments and injunctive relief, *Pennhurst*, 465 U.S. at 100; *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995), unless there is a request for "prospective relief to end a continuing violation of federal law." *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002) (noting that the Supreme Court announced an exception to Eleventh Amendment immunity for claims requesting injunctive relief against individual state officials in their official capacities in *ex parte Young*, 209 U.S. 123 (1908)). Because Plaintiff's complaint does not include a request for prospective relief to end a continuing

violation of federal law (he alleges no continuing violation and asks for no specific relief), he is not entitled to any such relief.

Accordingly, because federal courts generally have no subject matter jurisdiction over § 1983 causes of actions against officials of a state sued in their official capacities, the claims against Judge Steelman will be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

## VI. CONCLUSION

Accordingly, for the reasons explained herein Plaintiff's § 1983 complaint will be **DISMISSED** in its entirety for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A and 1915(e)(e)(2).

An appropriate judgment order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDG**